FILED
SUPERIOR COURT
OF GUAM

2020 SEP -8 AM 10: 27

CLERK OF COURT

By:_____



# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,**<br><br>v.<br><br>**CURTIS J. TAITAGUE,**<br>DOB: 05/02/1992<br><br>Defendant. | **Criminal Case No. CF0138-20**<br>GPD Report No. 20-05890<br><br>**DECISION AND ORDER<br>DENYING DEFENDANT'S<br>MOTION TO DISMISS** |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on August 13, 2020 for hearing on Defendant Curtis J. Taitague's ("Defendant's") Motion to Dismiss the Indictment ("Motion"). Assistant Attorney General Sean Brown represents the People, and Assistant Alternate Public Defender Heather M. Zona represents Defendant. Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **DENIES** Defendant's Motion.

## BACKGROUND

The Guam Police Department ("GPD") arrested Defendant on February 25, 2020 after responding to an alleged burglary in process at the Verona Resort. Magistrate's Compl., Decl. (Feb. 26, 2020). The People subsequently filed a Magistrate's Complaint, charging Defendant with Burglary (as a Second Degree Felony), Criminal Trespass (as a Misdemeanor), and Theft (as a Petty Misdemeanor). *Id.* at 1.

The following facts are undisputed. On March 5, 2020, the grand jury indicted Defendant on the same charges alleged in the Magistrate's Complaint. During the grand jury proceedings, the People called GPD Officer Craig Peter Camacho Calvo to testify. Officer Calvo was not involved

Decision and Order Denying Defendant's Motion to Dismiss
CF0138-20, *People of Guam v. Taitague*
Page 1 of 4

in the investigation of the case. The People asked Officer Calvo whether the police report, drafted by another officer, contained various assertions and allegations. Officer Calvo testified for approximately twelve minutes. The prosecution did not call any other witnesses.

Defendant filed the present Motion on July 17, 2020, asking the Court to dismiss the indictment. Defendant submits a number of arguments regarding the Court's jurisdiction to dismiss the indictment and the permissibility of hearsay statements in grand jury proceedings. The People opposed Defendant's request to dismiss the Indictment, arguing the Court does not have jurisdiction to dismiss the Indictment on the grounds requested and that hearsay constitutes competent evidence. *See* Opp'n to Def.'s Mot. to Dismiss the Indictment ("Opposition") (July 24, 2020). Defendant replied to the People's opposition. *See* Reply Br. in Supp. of Mot. to Dismiss the Indictment ("Reply") (July 28, 2020).

The Court held a hearing on August 13, 2020. After hearing the arguments of the parties, the Court took the matter under advisement.

## DISCUSSION

Defendant asserts that the hearsay statements elicited from Officer Calvo during the grand jury proceeding do not constitute "competent evidence" under 8 G.C.A. § 50.42. Mot. at 7. The People argue that hearsay constitutes "competent evidence" under the statute and that case law interpreting the statute holds the same. Opp'n at 2.

Guam law requires that grand juries receive only "competent evidence." 8 G.C.A. § 50.42. Chapter 50, nor any other provision in Title 8, does not define "competent evidence." Defendant asserts that "competent evidence" must equate to "admissible evidence." Mot. at 7. Defendant goes on to explain that because hearsay is inadmissible evidence (generally), Officer's Calvo's recitation of the police report and the statements within that police report must constitute incompetent evidence in violation of the statute. The Court disagrees.

The Ninth Circuit in *People v. Quidachay*, in analyzing and interpreting 8 G.C.A. § 50.42, has addressed the issue of the meaning of "competent evidence" under the statute: "If it is evidence that a reasonable person would rely upon in conducting his or her daily affairs, then it is competent within the meaning of the statute, <u>regardless of whether it would be admissible at trial under the</u>

Decision and Order Denying Defendant's Motion to Dismiss
CF0138-20, *People of Guam v. Taitague*
Page 2 of 4

rules of evidence." 815 F.2d 1131, 1313 (9th Cir. 1987) (emphasis added). The *Quidachay* court's analysis on the comparisons between the current and previous versions of 8 G.C.A. § 50.42 are further instructive.

The former version of section 50.42 provided that "The grand jury shall receive only evidence which would be admissible over objection at the trial of a criminal action . . . . ." The 1980 revision by Public Law 15-94 eliminated this requirement. The 1980 amendment, the version of section 50.42 in force today, only required that the evidence be "competent," not necessarily admissible. The Ninth Circuit interpreted the Guam Legislature's amendment as intending 'some restriction on the evidence that can be presented to and relied upon by a grand jury" but not requiring only admissible evidence to be presented to a grand jury. *Id.* Otherwise, "the Guam Legislature would have accomplished nothing by its amendment of the section." *Id.* In light of this precedent, the Court declines to hold that "competent evidence" means "admissible evidence."

Defendant asks the Court to ignore the prior federal court decisions in *Quidachay* and *People v. Garrido*, 1984 WL 48828 (D. Guam App. Div., May 4, 1984), *aff'd and remanded*, 752 F.2d 1378 (9th Cir. 1985) as "poorly reasoned, unsupported in law, and wrongly decided." Mot. at 10. The Court declines to do so, as the Court agrees with the Ninth Circuit's analysis in *Quidachay* that had the Guam Legislature intended "competent evidence" to mean "admissible evidence," the 1980 amendment to 8 G.C.A. § 50.42 via Public Law 15-94 would have accomplished nothing.

Defendant further makes comparisons of section 50.42 to Guam's preliminary hearing statute under 8 G.C.A. § 45.60. At preliminary hearings, as opposed to grand jury proceedings, defendants may make objections to the admissibility of evidence on any grounds that would be available at trial. *Id.* § 45.60(a). However, comparison to Guam's preliminary hearing statute only further solidifies the People's argument and the Court's holding: had the Guam Legislature intended hearsay or otherwise inadmissible evidence to constitute "incompetent evidence" under section 50.42, the Legislature would not have amended the statute through 15-94 and kept the original admissibility requirement.

Defendant cites *Klinestiver v. Drug Enforcement Administration* and *Fonteneaux v. Shell Oil Co.* for the proposition that, generally, "competent evidence" is understood to mean "admissible

Decision and Order Denying Defendant's Motion to Dismiss
CF0138-20, *People of Guam v. Taitague*
Page 3 of 4

evidence." Mot. at 7; 606 F.2d 1128 (D.C. Cir. 1979); 289 F. App'x 695 (5th Cir. 2008). However, these cases discuss "competent evidence" in a civil context, outside the realm of grand jury proceedings. The Court does not find Defendant's cited cases persuasive.

Turning to the evidence presented, the Court holds "competent evidence" within the meaning of section 50.42 was presented to the grand jury. All that is required under the statute is "evidence that a reasonable person would rely upon in conducting his or her daily affairs." *Quidachay*, 815 F.2d at 1313. Defendant has not presented anything which suggests that a reasonable person would not rely upon statements of others in conducting his/her daily affairs, nor does Defendant present any case law holding the same. Similarly, the Court finds the evidence presented to the grand jury satisfies the test laid out in *Quidachay*. Defendant acknowledges the lessened-restrictions on section 50.42 but asserts that "the evidence still needs some indicia of reliability." Reply at 3. The Court reiterates that the proper test is that laid out in *Quidachay* and finds that the evidence presented meets this test.

Finally, Defendant asserts his due process rights under the Fifth and Fourteenth Amendment of the U.S. Constitution by the People for failing to present "competent evidence" to the jury. As explained, the Court does not find the evidence presented to the jury to be "incompetent evidence." Therefore, no due process violation exists here.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's Motion to Dismiss the Indictment for failure to present "competent evidence" to the grand jury. The Court shall hold a pre-trial conference on September 10, 2020 at 2:00pm.

**IT IS SO ORDERED** this 8th day of September, 2020.

SERVICE VIA E-MAIL
I acknowledge that an electronic
copy of the original was e-mailed to:
AG Prosecution,
Alternate Public Defender
Date: 9/8/20 Time: 10:35am
Antonio A. Cruz
Deputy Clerk, Superior Court of Guam

**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

Decision and Order Denying Defendant's Motion to Dismiss
CF0138-20, *People of Guam v. Taitague*
Page 4 of 4